No. 5710.

A. J. BALLARD v. J. A. CARTER ET AL.

1. FORECLOSURE OF VENDOR'S LIEN—PARTIES.—A purchaser in possession from the vendee before suit to foreclose the vendor's lien is a necessary party to such suit.

2. SAME.—A decree foreclosing the vendor's lien does not affect the rights of a purchaser from the vendee in possession and not a party to the suit.

3. EQUITIES BETWEEN SEPARATE OWNERS OF LAND SUBJECT TO LIEN.—A vendee sold part of a tract of land on which the vendor's lien remained. In a suit to foreclose the lien with the proper parties, the court can protect the purchaser from the vendee by adjusting the equities between him and those claiming by purchase under him.

APPEAL from Dallas. Tried below before Hon. George N. Aldridge.

The facts are given in the opinion.

*Williams & Turney,* for appellees: A subsequent purchaser from a vendee whose deed reserves an express lien to secure purchase money is not a necessary party to a foreclosure suit except to bar his "equity of redemption"(?) if he has any, and he takes subject to the superior right of the purchaser at foreclosure sale, being conclusively charged with notice of the recitals of his deeds. (Ufford v. Wells, 52 Texas, 612, 620; Robinson v. Black, 56 Texas, 215; Russell & Seisfeld v. Kirkbride et al., 62 Texas, 455; Foster v. Powers et al., 5 Texas Law Rev., 500; Cassaday v. Frankland, 55 Texas, 457; Glaze v. Watson, 55 Texas, 568; Willis v. Gay, 48 Texas, 469; Jackson v. Elliott, 49 Texas, 62; Elliott v. Booth, 44 Texas, 180.)

A general warranty deed reserving an express lien to secure purchase money evidences an executory sale, leaving the superior title in the vendor in trust " for the benefit of the holder of the purchase money notes as well as the vendee should he subsequently pay the notes, and such legal title may be divested and vested in another through a sale made under foreclosure of the lien which goes with the notes in a proceeding to which the necessary parties are made." (Catlin v. Bennatt, 47 Texas, 170; Rogers v. Blum, 56 Texas, 6; Ufford v. Wells, 52 Texas, 619; Robinson v. Black, 56 Texas, 215; Russell & Seisfeld v. Kirkbride et al., supra, 5 Texas Law Rev., 500; Hobby's L. L., 1469, 1478.)

ACKER, JUDGE. Appellant has failed to brief the case, as required by the rules, and it has been submitted on brief for appellees. There is no motion to dismiss because of appellant's failure to prepare the case for submission, and we must consider it upon the assignments of error found in the record. N. R. Winniford conveyed three hundred and forty-two and one-half acres of land to J. R. Johnson, June 10, 1877, for the consideration of one thousand dollars, expressly retaining in the deed a lien to secure the payment of a note for three hundred dollars, given by Johnson for part of the purchase money, to become due January 1, 1880. This deed was recorded June 11, 1880. Johnson conveyed one hundred acres of the land to Seago, by deed dated August 28, 1877, recorded November 30, 1877. Winniford released his lien on this one hundred acres, but when he did so does not appear. The release was not reduced to writing nor recorded until after judgment

was rendered upon the purchase money note, and foreclosing the lien against the entire three hundred and forty-two and one-half acres of land.

On June 4, 1879, McCormick bought at sheriff's sale, under execution against Johnson, the forty-two and one-half acres of land the title to which is involved in this suit. The sheriff's deed to McCormick was recorded June 6, 1879.

On October 12, 1879, Johnson conveyed thirty-two and three-fourths acres of the three hundred and forty-two and one-half acres to Harris. What particular thirty-two and three-fourths acres does not appear. This deed was recorded March 1, 1881.

On February 7, 1881, McCormick conveyed by quit claim the land in controversy to appellant A. J. Ballard. This deed was recorded March 19, 1881. The three hundred dollar purchase money note was transferred by Winniford to Roper, but when this was done does not appear.

On March 1, 1883, Roper brought suit on the note against Winniford and Johnson, and for foreclosure of the lien on the three hundred and forty-two and one half acres of land.

On the sixth day of November, 1883, judgment was rendered against Johnson, and foreclosing the lien on the three hundred and forty-two and one-half acres, the suit having been dismissed as to Winniford.

On the fourteenth day of December, 1883, an order of sale was issued on this judgment, commanding the sheriff to sell the three hundred and forty-two and one-half acres of land. By direction of appellee Johnson, the sheriff sold fifty acres of the land, including the forty-two and one-half acres in controversy, to appellee J. A. Carter, for an amount sufficient to satisfy the judgment and all costs. The sheriff's deed to Carter is dated February 5, 1884. Appellant brought this suit February 11, 1884, in trespass to try title to the forty-two and one-half acres.

The second and third assignments of error relate to the only questions presented in such way as to require consideration. Appellees offered in evidence the record of the suit by Roper against Winniford and Johnson, and also the sheriff's deed to appellee Carter, to both of which appellant objected upon the ground "that he was not a party to the suit in which the judgment was rendered, although at the time the suit was instituted he was in possession of the land, claiming it under duly

recorded deeds, and he was not bound by anything done in said suit."

The objection was overruled, to which ruling proper bill of exception was taken. It seems that before the three hundred dollars purchase money note became due, and before the deed from Winniford to Johnson was recorded, McCormick obtained a deed to the forty-two and a half acres of land in controversy through a sheriff's sale made under execution against Johnson, which deed was also recorded prior to the maturity of the note or the record of the deed to Johnson.

Appellant claims the land by deed from McCormick, which was duly recorded several years before the suit was instituted upon the purchase money note. The record of these deeds was notice of appellant's interest in the land, and such interest made him a necessary party to the suit brought to foreclose the lien retained to secure the payment of the three hundred dollars purchase money note. And this would have been so, even had the deed from Winniford to Johnson been recorded prior to the purchase by McCormick. (Davis v. Rankin, 50 Texas, 279; Burson v. Blackley, 67 Texas, 11 et seq.)

From all that appears in the record Johnson still owned, at the time of the trial, about one hundred and sixty of the three hundred and forty-two and a half acres against which the lien for three hundred dollars was retained and foreclosed by the judgment, and yet we find that by his direction the sheriff sells the forty-two and a half acres of the land which had been previously disposed of by judicial sale for the satisfaction of his debts, leaving the land still owned by him freed from the judgment of foreclosure. No question is raised as to what effect the waiver by Winniford of his lien against the one hundred acres sold by Johnson to Seago might have upon the lien as against the remaining two hundred and forty-two and a half acres. Had appellant been made a party to the foreclosure proceeding he might, by proper pleading, have had the equities between him and Johnson adjusted.

We are of opinion that there is error in the rulings complained of by the second and third assignments of error and that the judgment of the court below should be reversed and the cause remanded.

*Reversed and remanded.*

Opinion adopted June 12, 1888.

STAYTON,
*Chief Justice.*