WIGGINS v. WAGLEY et al.   (No. 8485.)

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 2, 1916.)

1. VENDOR AND PURCHASER ⊕⇒267—VENDOR'S LIEN — SUBSEQUENT SALES — LIABILITY OF PARCELS.

When the vendor of a tract has notice that the purchaser has subsequently sold it in parcels, the right to foreclose the vendor's lien against the whole tract or any parcel is subject to the right of the parcel owners to have the parcels subjected to the payment of the lien in the inverse order of their alienation, and if the vendor releases any parcel from the lien, owners whose purchases preceded that of the parcel released are relieved from the lien to the extent of the value of the land released.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 751–758; Dec. Dig. ⊕⇒267.]

2. JUDGMENT ⊕⇒707—CONCLUSIVENESS—PARTIES CONCLUDED.

A junior incumbrancer or lienholder, of whose rights the senior lienholder had notice when he sued to foreclose, and who was not joined as a party, is not bound by the judgment of foreclosure in so far as it affects his equities.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1230; Dec. Dig. ⊕⇒707.]

3. VENDOR AND PURCHASER ⊕⇒267—VENDOR'S LIEN—RELEASE OF PART—EFFECT.

The release from a vendor's lien of a part of a tract of land whose value was sufficient to pay the amount then due discharges parcels previously sold from the lien, though before foreclosure suit the amount of the lien has been increased to more than the value of the property released.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 751–758; Dec. Dig. ⊕⇒267.]

Appeal from District Court, Callahan County; Thomas L. Blanton, Judge.

Trespass to try title by J. H. Wiggins against H. Wagley and others. From separate judgments awarding plaintiff a lien upon the land for a part only of the amount claimed by him, and determining the liability of the several defendants among themselves, the plaintiff appeals and defendants Wagley and others assign cross-errors. Judgment reversed in so far as it subjected the land to plaintiff's claim, cross-assignments sustained, and judgment rendered for defendants.

Russell & Surles and F. S. Bell, all of Baird, for appellant. J. Rupert Jackson, of Baird, J. J. Butts, of Cisco, and W. R. Ely, of Baird, for appellees.

BUCK, J. On April 27, 1915, in the district court of Callahan county, appellant sued appellees, H. Wagley and W. P. Ledbetter, in trespass to try title to recover a tract of 409.8 acres of land in Callahan county. Appellees L. F. Threet, R. B. Bishop, John H. Garner, C. H. Daniels, and J. J. Ray were by Wagley and Ledbetter made parties defendant. Plaintiff appeals from a judgment (1) in favor of defendant L. F. Threet as to the 80 acres of land owned by him; (2) in favor of plaintiff against defendants Ledbetter, Wagley, and Ray, respectively, subjecting their lands, in the order named, to the payment of a judgment for $821.63, rendered in the district court of Rusk county, in a certain suit wherein plaintiff in the instant case was plaintiff, and W. F. Turner was defendant, less a credit of $800, the agreed value of the 80 acres of land held by Threet, and released May 31, 1909, by Wiggins to A. L. Cole; (3) in favor of defendant Bishop; (4) in favor of Ledbetter, as against his immediate vendor, Daniels, for any amount the former might be forced to pay by reason of this judgment; (5) in favor of Wagley against his predecessor in title, Garner, for any amount the said Wagley should be forced to pay by reason of said judgment.

The following state of facts is supported by the court's findings and the statement of facts, to wit:

(1) June 6, 1903, J. H. Wiggins by deed conveyed to W. F. Turner the 409.8-acre tract mentioned, retaining a vendor's lien to secure the payment of five vendor's lien notes of even date, each in the principal sum of $350, bearing 8 per cent. interest from date, and due November 1, 1904, 1905, 1906, 1907, and 1908, respectively, said deed being duly filed for record January 6, 1904.

(2) January 1, 1904, Turner, by deed, conveyed to R. L. Ray 123 acres out of said 409.8-acre tract, and Ray assumed to pay, and thereafter did pay, notes 1, 3, 4, and 5 of the original series. Said deed was recorded January 18, 1907. December 2, 1905, R. L. Ray conveyed this 123-acre tract to J. J. Ray, one of the defendants, the deed being recorded June 1, 1914.

(3) February 8, 1905, Turner conveyed by deed to J. W. Newton 125 acres out of the 409.8-acre survey, and by mesne conveyances the title thereto became vested in H. Wagley, one of the defendants herein, by deed from J. C. Cook, dated September 7, 1907, recorded December 30, 1907.

(4) April 13, 1906, Turner conveyed to J. C. Whisenant 160 acres out of the said original tract, apparently intended to be all of the remainder left after the conveyance to Newton, and by mesne conveyances the title thereto was vested by deed dated July 3,

190 S.W.—47

1906, and recorded December 14, 1906, in A. L. Cole.

(5) At this stage in the transfers, the remaining 160 acres was divided, Cole conveying the west one-half to J. W. Watson, October 28, 1907, the deed being recorded January 6, 1909; then by mesne conveyances the title thereto became vested October 2, 1909, in W. P. Ledbetter, one of the defendants.

(6) By deed dated March 12, 1909, Cole conveyed the east one-half of the 160-acre tract to C. H. Brown, and by mesne conveyances, on October 1, 1913, the title thereto became vested in L. F. Threet, one of the defendants.

(7) January 18, 1909, Wiggins executed a release of the vendor's lien retained, as to notes 1, 3, 4, and 5, said release being filed for record March 25, 1909.

(8) March 31, 1909, Wiggins executed a release in favor of A. L. Cole, discharging the east one-half of the 160-acre tract from the vendor's lien to secure the payment of purchase-money note No. 2, executed by Turner.

(9) This 80-acre tract, being the east one-half of the 160-acre tract, was at the time of said release to Cole, and at the time of the trial, of the reasonable value of $800.

(10) January 6, 1914, Wiggins recovered against Turner in the district court of Rusk county a judgment for $821.63, presumably the amount of note No. 2, with interest and attorney's fees, with a foreclosure of the vendor's lien. None of the defendants in the instant case were parties to this suit, Turner being the only defendant, though the trial court found that at the time of the said suit and judgment Wiggins had notice of the alienation of parcels of the original 409.8-acre tract, which had then been made.

(11) Under the order of sale issued by virtue of the aforesaid judgment, the sheriff of Callahan county levied upon and sold the 409.8-acre tract, except the 80 acres owned by Threet, and theretofore released by Wiggins, and the 123 acres owned by J. J. Ray. The latter secured a writ, enjoining the sale as to his 123 acres. Wiggins purchased the land under this sale for $885, and received a sheriff's deed, and, after satisfying the costs, the judgment recovered in Rusk county was credited with the $844.47. It was agreed that the sheriff's return on the order of sale showed that he had complied with the requirements of law in advertising and selling said land, and that the recitals in the sheriff's deed show such compliance.

The appellees Wagley and Ledbetter, by proper pleas, in the trial court urged their right to have the land subjected to the payment of the debt secured by the vendor's lien in the inverse order of alienation, and that the 80 acres owned by Threet at the time of the trial, being the last alienated, should have been resorted to first to satisfy plaintiff's debt, and that said 80 acres owned by Threet was, at the time of said release and

ever since then, of a reasonable value in excess of the balance of the purchase price due said plaintiff, as evidenced by the said note No. 2, and therefore said defendants Ledbetter and Wagley were acquitted and discharged of any further indebtedness or liability by reason of said vendor's lien retained.

Appellant, Wiggins, by several assignments urges error in the trial court's action: (1) In overruling plaintiff's general demurrer; (2) in overruling plaintiff's motion for new trial; (3) in rendering judgment to the effect that the Rusk county judgment was not binding upon appellees. But there is, in our opinion, presented in these assignments only one question, to wit, Is the Rusk county judgment res adjudicata, and, therefore, conclusive, against defendants as to their right to have the several parcels out of the original 409.8-acre tract subjected to the payment of the purchase-money debt in the inverse order of the alienation of said several parcels?

[1] We will first consider the question of the rights of appellees herein had they been made parties to the Rusk county suit. If the vendor in an executory contract to sell land elects to rely on his right of foreclosure, where parcels of the land covered by the vendor's lien have been separately sold, with notice to the vendor, the equities affect him to such an extent that he cannot deal with the whole premises, or with any parcel thereof, or with the owner of any parcel by release or agreement, so as to disturb the equities subsisting among the various owners, or to destroy the rights of precedence in the order of liability, or to defeat the rights of ratable contribution, or of complete or partial exoneration. Burson v. Blackley et al., 67 Tex. 5, 11, 2 S. W. 668, 671. The following statement of the principles applying are quoted with approval by our Supreme Court in the cited case, to wit:

"The release of one parcel or share would release all the other parcels from the same proportionate amount of their respective original liabilities which the value of the part released bears to the total value of the mortgaged premises; one owner being released, all the others are entitled to a pro rata abatement. When the equities of the various owners are unequal, so that their respective parcels are liable in the inverse order of alienation, if the mortgagee, having notice of this situation, releases a parcel which is primarily liable, he thereby discharges or releases all those parcels which are subsequently liable, in the order of their several liabilities, from an amount of the mortgage debt equal to the value of the parcel released. If the value of the parcel released equals the mortgage debt, then all the subsequent parcels are wholly relieved from liability; if the value is less than the mortgage debt, the subsequent parcels can at most be liable in their order only for the excess of the debt over such value."

As held in this case, the rule with reference to mortgagors and mortgagees applies to vendors and vendees. See Lattimore v. Provine et al., 29 Tex. Civ. App. 111, 69 S. W. 222 (writ denied). When the vendor of a large tract of land has notice that a purchaser has subsequently sold parcels thereof, his right of foreclosure against the whole tract, or against any parcel or parcels thereof, is subject to the right of such parcel owners to have the parcels subjected to the payment of the purchase-money debt in the inverse order of their alienation, and if such vendor, with such notice, shall release any parcel from the vendor's lien, such parcel owners whose purchases preceded that of a parcel owner whose land is so released are relieved from the payment of the original purchase debt to the extent of the value of the land so released. Vansickle v. Watson, 103 Tex. 37, 123 S. W. 112. A lienholder cannot release part of the land subject to his lien, to the damage of one who purchased or secured an incumbrance on another part of the land prior to the release. First State Bank of Teague v. Cox, 139 S. W. 1. Hence, we conclude that had the appellees herein been made parties to the original suit, they could have required that the parcel of land primarily chargeable with and liable for the debt, to wit, the tract owned by Threet, being the last in order of alienation, should first be subjected to the payment of the debt, and that if its value was in excess of such debt at the time of said release, appellees would have been released from any liability.

[2] That a subsequent incumbrancer or junior lienholder, of whose status and rights the holder of the senior lien had notice at the time of the institution of a suit for foreclosure, and who was not made a party to the original suit, is not bound by said judgment in so far as his right to have his equities adjudicated is concerned is well established by the authorities. Pierce v. Moreman, 84 Tex. 596, 20 S. W. 821; Spencer v. Jones, 92 Tex. 516, 50 S. W. 118, 71 Am. St. Rep. 870; Ballard v. Carter, 71 Tex. 161, 9 S. W. 92; Gamble v. Martin, 151 S. W. 327 (writ denied). We, therefore, conclude that appellant's three assignments, improperly numbered 1, 6, and 12, must be overruled; and it is so ordered.

[3] We now come to the consideration of appellees' cross-assignment, to the effect that the court erred in holding and adjudging that the lands owned by appellees Ledbetter and Wagley, in the order named, were liable for and chargeable with the payment of the balance due on the Rusk county judgment of $821.63, less the value of the 80 acres owned by and released to L. F. Threet, on the ground that the evidence shows, and the court so finds, that, at the date of said release, to wit, March 31, 1909, said 80 acres was of the value of $800, and that at said time the balance due the plaintiff was less than said amount, and that the liability of defendants Ledbetter and Wagley, at said time, was fixed by and limited to the amount then so due plaintiff. We are of the opinion that the contention made in the cross-assignment is well taken. The amount due

on note No. 2, March 31, 1909, even including attorney's fees, was less than $600. At this time note No. 2 was long past due, and, had suit been brought thereon by plaintiff at said time, it is apparent that he could have satisfied his debt out of that parcel of the land primarily liable therefor, and we do not think that because at said time he failed to enforce his right of payment, but elected to wait until such time as such debt, including accrued interest, attorney's fees, and costs, should exceed the value of the Threet tract, he ought to be permitted to subject the land of defendants to the payment of such excess.

We, therefore, sustain appellees' cross-assignment. and reverse the judgment of the court below, in so far as it made appellees' land liable for the excess, and hereby render judgment, discharging and releasing the lands of appellees from the payment of any part of appellant's judgment or lien, and from the decree of foreclosure rendered in the district court of Rusk county in the case of Wiggins v. Turner; appellees to recover all costs as against appellant.