## MATTHEWS et al. v. HEDLEY MOTOR CO.
### No. 3757.

Court of Civil Appeals of Texas. Amarillo.
March 9, 1932.

D. E. Magee, of Levelland, for appellants.

W. T. Link, of Clarendon, for appellee.

HALL, C. J.

The appellee, a partnership doing business at Hedley, in Donley county, filed this suit against F. D. Steen to recover upon a promissory note executed by Steen, and to foreclose a chattel mortgage upon an automobile for which the note was executed. The note provides that it is payable at Hedley, in Donley county.

The petition alleges that W. R. and R. E. Matthews, who are made defendants, both reside in Hockley county, Tex., and that they have converted the automobile, which is of the value of $300, to their own use.

W. R. and R. E. Matthews filed their plea of privilege to be sued in Hockley county, which they aver is the county of their residence. The plea was controverted and overruled; hence this appeal.

■ We think the court erred in overruling the plea. In fact, since the petition alleged the residence of the appellants to be in Hockley county and that they were made parties to the suit in Donley county because of the fact that they had converted the mortgaged property, the court should have sustained the general demurrer and changed the venue to Hockley county, in so far as appellants are concerned, without the necessity of passing upon the plea of privilege. Farmer v. Holt (Tex. Civ. App.) 36 S.W.(2d) 317.

■ But since the court did not sustain the demurrer upon the ground that the petition showed that the Donley county court had no jurisdiction, this court is authorized, if the pleadings show a want of jurisdiction of the person, to act and decide as a question of law from the face of the pleadings that the venue should have been changed. Grogan-Cochran Lumber Co. v. McWhorter (Tex. Civ. App.) 15 S.W.(2d) 126.

■ Because the note was payable in Donley county, plaintiffs had the right to maintain the suit there against Steen, but they could not maintain an action against W. R. and R. E. Matthews in the face of their plea of privilege. The only article of the statute under which they could claim the right to sue W. R. and R. E. Matthews in Donley county is subdivision 29a of article 1995 of the Revised Civil Statutes. This subdivision provides that, whenever there are two or more defendants in any suit brought in any county and such suit is lawfully maintainable therein under the provisions of article 1995, as to any of the defendants, then such suit may be maintained in that county against any and all necessary parties thereto, but it is settled that one who converts mortgaged personalty is not a necessary party to a suit against the mortgagor to foreclose the mortgage. Wool Growers' Central Storage Co. v. Edwards (Tex. Civ. App.) 10 S.W.(2d) 577; People's State Bank of Ranger v. National Bank of Commerce (Tex. Civ. App.) 267 S. W. 992; Johnson v. First National Bank of Brenham (Tex. Civ. App.) 42 S.W.(2d) 870; Ellwood v. Pollard, 46 S.W.(2d) 731, decided by this court.

It appears from the record that, after the court overruled the plea of privilege, the appellants duly excepted to the ruling and gave notice of appeal, and in due time have prosecuted their appeal to this court.

■ It further appears that thereafter, when the case was called for trial upon the merits, the appellants filed a motion for a continuance on account of the serious illness of R. E. Matthews, one of the defendants, and the absence of other witnesses, and by agreement the case was set for trial at a later day of the term, and the defendants demanded that a jury be drawn. The appellee insists that, by their application for continuance and their agreement to set the case for trial upon the merits, they have waived their plea of privilege. We cannot assent to this proposition.

R. S. art. 2012, provides that the defendant shall file his pleas in the due order of pleading, which shall be heard and determined in such order under the direction of the court. Article 2013 provides that pleas to the jurisdiction, pleas in abatement, and other dilatory pleas and demurrers not involving the merits of the case shall be determined during the term at which they are filed if the business of the court will permit. If the appellants had agreed to a continuance of the case before their plea of privilege had been disposed of by the court, they would have waived the plea. This is settled by several decisions. Aldridge v. Webb, 92 Tex. 122, 46 S. W. 224; Auds Creek Oil Co. v. Brooks Supply Co. (Tex. Civ. App.) 221 S. W. 319. By express provision of R. S. art. 2006, the defendant may plead as many several matters, whether of law or of fact, as he thinks necessary, provided he files them in the due order of pleading. The first pleading filed in this case by the defendants, the Matthews, is their plea of privilege. It was promptly called to the attention of the court and acted upon, exceptions duly reserved, and notice of appeal given. Thereafter an agreement to continue or set the case cannot be held to be a waiver of their plea. Hickman v. Swain, 106 Tex. 431, 167 S. W. 209; Smith v. Hartt & Cole (Tex. Civ. App.) 13 S. W.(2d) 408; Grogan-Cochran Lumber Co. v. McWhorter (Tex. Civ. App.) 4 S.W.(2d) 995; Id. (Tex. Civ. App.) 15 S.W.(2d) 126.

Because the court erred in overruling the plea of privilege, the judgment is reversed, and the cause remanded, with instructions to

enter an order sustaining the plea and changing the venue.

Reversed and remanded, with instructions.