## FORT WORTH WELL MACHINERY & SUPPLY CO. v. CALLIHAN.
### No. 1141.

Court of Civil Appeals of Texas. Eastland.
June 30, 1933.

Rehearing Denied Sept. 15, 1933.

Templeton & Templeton, of Fort Worth, for appellant.

F. L. Kuykendall, of Albany, for appellee.

HICKMAN, Chief Justice.

Appellant's plea of privilege filed below was overruled, and the case tried on its merits, but, since we have concluded that there was

error in overruling the plea of privilege, we shall limit our statement of the case to a recital of the facts disclosing how the privilege question arose and was determined. Appellee George Callihan, in his original petition filed in the district court of Shackelford county, sued George W. Price, a nonresident of the state of Texas, on a promissory note payable in the county where the suit was instituted. Ancillary to his suit he caused a writ of attachment to issue and be levied upon certain personal property as the property of Price. Later he amended his petition, declaring again upon the note, reciting the facts with regard to the attachment and praying for a foreclosure of his attachment lien. In his amended petition he made the appellant, Fort Worth Well Machinery & Supply Company, a corporation, a party, and the latter filed its plea of privilege to be sued in Tarrant county, the county of its domicile. A controverting plea was timely filed by appellee. This plea set forth with particularity the facts with regard to the nature of the suit, etc. That portion of the controverting plea which specifically set forth the grounds upon which appellee relied to maintain venue in Shackelford county was as follows: " * * * The defendant Fort Worth Well Machinery & Supply Company is a proper party to this cause of action and that, because the venue is proper in Shackelford County as to the defendant Price, the venue is proper as to the Fort Worth Well Machinery & Supply Company who is a proper party to this cause; that subdivisions 4 and 5 of article 1995, Revised Statutes of 1925 apply in this cause."

It will be noted that appellee did not rely upon exception .29a of article 1995, as added by Acts 1927 (1st Called Sess.) c. 72, § 2 (Vernon's Ann. Civ. St. art. 1995, subd. 29a), and his counsel stated in open court when the case was being submitted that no contention was presented that appellant was a necessary party making exception 29a applicable. We shall therefore dispose of the question with reference to the applicability of exceptions 4 and 5 of article 1995. Exception 4 reads as follows: "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. * * *"

Exception 5 reads as follows: "If a person has contracted in writing to perform an obligation in a particular county, suit may be brought either in such county or where the defendant has his domicile."

The case does not fall within exception 4, because neither defendant resides in Shackelford county, and that exception has application only in cases where one of the defendants resides in the county where suit is instituted. Neither does the case come within

the terms of exception 5 as to appellant, for it executed no contract in writing performable in Shackelford county. The fact that venue was properly maintainable in Shackelford county against the defendant Price under exception 5 does not operate to confer venue in that county against the appellant. The law of this question has been free of any doubt in this state since the decision of our Supreme Court in Behrens Drug Company v. Hamilton, 92 Tex. 284, 48 S. W. 5, 6. The law is so clearly stated in that opinion, and is so directly applicable to the facts of the instant case, that we adopt the language thereof as our opinion in this case, as follows: "The drug company could maintain its suit in McLennan county against Hamilton & McCarty, because they had promised to pay the debt in that county; but it could not join the First National Bank of Comanche as a defendant in that suit, because it was not a party to that contract. Lindheim v. Muschamp, 72 Tex. 35, 12 S. W. 125; Cohen v. Munson, 59 Tex. 236. * * * Hamilton & McCarty resided in Comanche county, and the bank had its domicile there. The case, therefore, does not fall within exception 4, because neither defendant resided in McLennan county. The bank not having contracted in writing to perform the obligation in McLennan county, the case does not come within the terms of exception 5. It is claimed that the district court of McLennan county, having jurisdiction of the defendants Hamilton and McCarty, had jurisdiction also of all proper parties to the suit. The fifth exception permits suit to be brought where the contract is to be performed against the promisor, but it does not authorize the joining of one not a party to the obligation. The one agreed to be sued there; the other has not. The plaintiff had the choice to sue Hamilton & McCarty in McLennan county, or all the defendants in Comanche county."

It is not deemed necessary to cite the many cases following the above-cited case, as they may be readily found by reference to Shepard's citator. The comparatively recent case of Wool Growers' Central Storage Co. v. Edwards (Tex. Civ. App.) 10 S.W.(2d) 577, is directly in point.

The Fort Worth Well Machinery & Supply Company alone appealed. George W. Price died during the pendency of the suit, and his administrator filed an answer. The administrator has not appealed. That portion of the judgment below awarding a recovery against the administrator will not be disturbed, but, in so far as such judgment affects the appellant, the same is reversed, and the cause remanded, with instructions to transfer the venue to Tarrant county.

Undisturbed in part, and in part reversed and remanded, with instructions.