## WILLIAMS et al. v. FIRST NAT. BANK OF MIDLAND, TEX.

### No. 3654.

Court of Civil Appeals of Texas. El Paso.

March 31, 1938.

Rehearing Denied April 21, 1938.

Arthur E. Owens, of Alpine, and Joseph G. Bennis, of El Paso, for appellants.

Whitaker, Perkins & Turpin, of Midland, for appellee.

WALTHALL, Justice.

This case is here on appeal from an order of the district court of Midland county, overruling appellants' plea of privilege to be sued in Brewster county, the county of their residence.

Appellee's petition shows that in January, 1936, Elmer H. Jones, a defendant in the suit, but not one of appellants, executed and delivered to the appellee bank his promissory note in the principal sum of $1,500, due four months after date, bearing interest from maturity at the rate of 10 per cent. per annum, and providing for the payment of attorney's fees if placed in the hands of attorneys for collection; the note made payable in Midland county.. On the same day, defendant Elmer H. Jones executed and delivered to the appellee bank a chattel mortgage on six horses; their description, location, and value fully stated in the petition. The chattel mortgage, it is alleged, was given for the purpose of securing the payment of said indebtedness, as well as to secure the payment of other indebtedness then ·due and owing to the appellee bank and stated in the petition, and which indebtedness was to be payable at Midland whether evidenced by said note. or said other indebtedness, under the terms of said chattel mortgage. The petition recites the maturity of the indebtedness and refusal of Jones to pay.

Appellee's suit is against Elmer H. Jones on the note and said other indebtedness, and to foreclose the chattel mortgage lien on the horses, and against the appellants Erie Williams and Fred Voght, a copartnership, doing business as Williams & Voght, E. J. Benson, and Elmer Taylor, all parties defendant, other than Jones, appellants here, alleged to be resident citizens of Brewster county.

As to appellants, codefendants of Elmer Jones, it is alleged they are claiming some right, title, or interest in said horses, but their claim, if any, is subsequent and inferior to the right of appellee under said chattel mortgage.

Appellee alleged in the alternative that on or about April 23, 1937, appellants, with actual and constructive knowledge of said chattel mortgage and lien, unlawfully converted said horses to their own use and benefit, stating the value of said horses at the time of said conversion.

Appellee prays that it have judgment against Elmer H. Jones for its indebtedness, and judgment against all appellants for the alleged value of said horses so converted by appellants, for its costs and for general relief.

Appellants filed verified pleas of privilege to be sued in Brewster county, the county of the residence of each of them, and that no exception to the exclusive venue of their residence provided by law exists, and pray that their pleas be sustained.

Defendant Elmer H. Jones answered by general demurrer and general denial.

Appellee bank filed its controverting affidavit, controverting appellants' pleas of

privilege. The controverting affidavit states its cause of action against defendant Elmer H. Jones and against appellants, substantially as above, and which we need not restate.

Appellee bank further says that it is entitled to maintain this suit in Midland county against all of appellants under sections 4, 5, and 29a of article 1995, R.C.S.1925, Vernon's Ann.Civ.St. art. 1995, subds. 4, 5, 29a, for the reason that said notes are made payable in Midland county, and that said suit being for the foreclosure of said chattel mortgage, and also (as to appellants) for the conversion of the property described in the chattel mortgage, all of the parties made defendants in the suit are necessary parties; that the suit is maintainable in Midland county under section 4 of article 1995 because of the residence of defendant Elmer H. Jones in said county, and under section 5 of said article because of the contract to pay said notes in said county.

## Opinion.

On the hearing of the pleas of privilege before the court without a jury, appellee offered in evidence two promissory notes on which its suit had been brought; one note of date January 1, 1936, for $1,500, and one note for $600, dated July 22, 1936, each note past due and made payable at Midland, Midland county, Tex., to appellee bank, and containing other obligations not necessary to state, and signed by Elmer H. Jones. Appellee further introduced in evidence a chattel mortgage dated January 1, 1936, in the usual form of such instruments, conveying to the appellee bank six horses fully described in the instrument, and reciting that it is intended to secure the bank in the payment of the $1,500 note, as well as to secure the payment of other indebtedness mentioned, and to extend to and cover all renewals, and to continue in force until all the indebtedness has been fully paid, and the costs incident thereto, and signed by Elmer H. Jones, acknowledged and filed for registration in Borden county on January 6, 1936.

The horses were taken from a pasture in Brewster county, Tex., and sold by the deputy sheriff, H. L. Wynne, under an order of sale issued upon a judgment in a suit of appellants Williams & Voght against Elmer Jones, in April, 1937, and sold to appellant E. J. Benson.

The evidence, while conflicting, is sufficient to show that appellants were informed by deputy sheriff Wynne at the time of the levy and before the sale of appellee's mortgage on the horses. The evidence shows that the horses were three-fourths thoroughbred for steeplechase and polo purposes, and their values each stated; one valued at $1,500, one at $1,000, others at $800. The evidence shows that the horses levied on and sold were the horses covered by appellee's mortgage.

Appellee alleged in its petition and in its controverting affidavit that defendant Elmer H. Jones resided in Midland county, but the record does not show where he resided at any time. All of the appellants resided, at all times, in Brewster county.

■ Two causes of action are alleged; the first being for foreclosure of the mortgage as against all defendants, and the second being for damages on account of the alleged conversion. The pleadings of plaintiff disclose, as does the proof, that all defendants except Jones reside in Brewster county, and as Jones does not reside in Midland county, his codefendants are entitled to have the alleged cause of action as to conversion tried in Brewster county. Wool Growers' Central Storage Co. v. Edwards, Tex.Civ.App., 10 S.W.2d 577, and cases there referred to; Gulf Refining Co. v. Lipscomb, Tex.Civ.App., 41 S.W.2d 248, 250; Woolridge et al. v. Owens, Tex.Civ.App., 44 S.W.2d 1061; Elwood et al. v. Pollard et al., Tex.Civ.App., 46 S.W.2d 731; Mathews et al. v. Hedley Motor Co., Tex.Civ.App., 47 S.W.2d 661; Thomason v. Sparkman et al., Tex.Civ.App., 55 S.W.2d 871; Fort Worth Well Machinery & Supply Co. v. Callahan, Tex.Civ.App., 62 S.W.2d 1005.

■ The evidence does not disclose that any of the defendants, other than Jones and Benson, are claiming title to the horses. Nor does it disclose that they are in possession of the horses. Therefore, the evidence was insufficient to hold them in Midland county. It was incumbent upon plaintiff, by a preponderance of the evidence, to prove the facts necessary to bring the cause within one of the exceptions to article 1995, as amended. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; Hannah v. Stephens, Tex.Civ.App., 101 S.W.2d 823.

■ The bill of sale from the sheriff to Benson is sufficient evidence that the latter was claiming under Jones, the mortgagor. He was, therefore, a necessary party, since the complete relief sought by plaintiff can-

1212

not be had without his presence. Plaintiff was entitled to try the issues involved in the foreclosure suit and have adjudicated its rights as against subsequent purchaser from mortgagor in a single suit. Benson, as such a purchaser, was a necessary party. Northwest Engineering Co. v. Chadwick Machinery Co., Tex.Civ.App., 93 S.W.2d 1223; Flatt v. Republic Ins. Co., Tex.Civ. App., 19 S.W.2d 826; Jones-Yates Co. v. Harrison, Tex.Civ.App., 96 S.W.2d 238; Jackson v. First Nat. Bank of San Angelo, Tex.Civ.App., 37 S.W.2d 356; Ballard v. Carter, 71 Tex. 161, 9 S.W. 92; Schmeltz v. Garey, 49 Tex. 49.

Upon a further hearing, if it should appear that any of defendants, other than Jones and Benson, are claiming title to or an interest in said horses, and said title or interest is derived through defendant Jones, the district court of Midland should retain jurisdiction of said defendants and determine the issues as between them and plaintiff arising out of the asserted right to foreclose. Otherwise, the cause as to them should be transferred to Brewster county. As to the count alleging damages on account of conversion, the trial court is instructed to transfer the cause as to all defendants, except Jones, to Brewster county.

Judgment is reversed, and the cause is remanded, with instructions for further proceedings consistent with what is here said.

Reversed and remanded.