## HOOPER et al. v. HALSELL.

### No. 5192.

Court of Civil Appeals of Texas. Amarillo.

Sept. 16, 1940.

Griffin & Morehead, of Plainview, for appellants.

Dan M. Cook, of Plainview, for appellee.

FOLLEY, Justice.

This is an appeal from an order overruling a plea of privilege. The suit was filed in the County Court of Lamb County, Texas, by the appellee, Ewing Halsell, a resident of Oklahoma, against the appellants, Bob Hooper and M. L. McWhorter, alleged to have been residents of Hale County, Texas. The appellee alleged that he had a judgment lien upon three horses formerly owned by one E. E. Wells against whom he had obtained judgment; that the appellant Hooper held a second lien upon such horses, the same being inferior to appellee's lien; that Hooper had also sued Wells upon his debt and lien, had obtained judgment therefor and had sold such horses to McWhorter; that McWhorter was a mere agent for Hooper and did not in fact own the horses; that McWhorter and Hooper had caused the horses to be secreted and placed beyond the reach of appellee; that by reason of the conduct of the appellants they had converted said horses to their own use and benefit thus depriving the appellee thereof; and prayed for damages in the sum of $220, the alleged value of the horses.

The appellants filed the statutory plea of privilege to be sued in the county court of Hale County, Texas, the county of their residence. The appellee filed a controverting affidavit seeking to retain the suit in Lamb County by virtue of section 9 of article 1995, R.C.S. of Texas, relative to crime, offense and trespass. In this controverting affidavit there was an allegation of a trespass in connection with the alleged conversion but there was no allegation as to where the alleged trespass occurred nor was there any reference therein to the appellee's petition. The appellants filed a general demurrer to the controverting affidavit which was overruled by the trial court. After a hearing the court also overruled the plea of privilege. It is from this action of the court that this appeal is brought and the appellants present as assignments of error the action of the court in failing to sustain their general demurrer and in overruling their plea of privilege.

We think the rule is settled in this jurisdiction that the controverting affidavit must be tested by its own language, unaided by the petition, where it fails to make the petition a part of the affidavit. Henderson Grain Company et al. v. Russ et al., 122 Tex. 620, 64 S.W.2d 347. We also think it is equally well settled, when the defendant asserts his privilege, that to maintain venue under the "crime, offense or trespass" exception of the statute it is necessary for the plaintiff to both plead and prove that the crime, offense or trespass "was committed and that it was committed in the county where the suit is pending". Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, 93. The failure of the appellee to allege in his controverting affidavit that the conversion occurred in Lamb County is therefore fatal to his right to retain the venue of this suit in such county. It follows that the court erred in overruling the general demurrer addressed to the controverting

affidavit and further erred in overruling the plea of privilege upon the insufficient controverting affidavit.

The judgment of the trial court is reversed and the cause remanded with instructions that the same be transferred to the County Court of Hale County, Texas.