**REED et al. v. WALKER.**

**No. 2217.**

Court of Civil Appeals of Texas. Eastland.

Jan. 9, 1942.

896

Martelle McDonald and Thomas & Thomas, all of Big Spring, for appellants.

Sullivan & Sullivan, of Big Spring, for appellee.

FUNDERBURK, Justice.

A. E. Walker, a resident of Howard County, as plaintiff, filed this suit, in Howard County, on the 13th day of July, 1940, against J. N. Partin, allegedly "trading and operating under the name of Partin Drilling Company" and alleged to be a resident of Howard County; and also against D. C. Reed, a resident of Travis County.

As against defendant J. N. Partin, recovery was sought on a demand note alleged to have been executed by him to plaintiff as payee, dated February 13, 1940; being for the principal sum of $1,313.02, and providing for interest, attorney's fees, etc. The note expressly recited that it was payable in Howard County.

As alleged in plaintiff's original petition, the cause of action against D. C. Reed was for recovery of a balance of $1,313.02, due plaintiff as assignee of J. N. Partin (Partin Drilling Company) upon a well drilling contract to which Partin and Reed were parties. It was alleged that the well, drilled under the provisions of said contract, was in Howard County; "that the payment for said work was to be done and performed in Howard County, Texas; that the said defendant, D. C. Reed, agreed to perform the terms of the assignment as set out in 'Exhibit B' attached hereto, in the County of Howard, State of Texas." (Note: The allegations construed to state the cause of action above described may be sufficient to state a cause of action, not upon an assignment of the drilling contract or moneys due thereunder, but upon an original promise of D. C. Reed, for an independent consideration, to pay the balance of $1,313.02 due on his drilling contract with Partin Drilling Company to the plaintiff, rather than to Partin Drilling Company.)

Purportedly, alternative to the cause of action (or causes of action, if more than one) above stated, there were further allegations in said petition to the effect that if said D. C. Reed had performed his contract with Partin Drilling Company and had paid J. N. Partin the $1,313.02 "then and in that event, the said defendant, D. C. Reed, has violated and refused.to carry out the terms of the assignment mentioned in 'Exhibit B' attached hereto, after agreeing to do so, and by reason of the fraud perpetrated in failing and refusing to carry out the terms of said assignment, this defendant D. C. Reed is now justly indebted, and is obligated and bound to pay, to this plaintiff the sum of $1313.02 to be applied as a payment on the note sued on herein."

On July 30, 1940, prior to the filing of any plea of privilege in the case, plaintiff filed his first amended original petition, but therein asserted as against each defendant substantially the same cause of action, or causes of action, as before. On September 2, 1940, defendant, D. C. Reed, filed his plea of privilege to be sued in Travis County. On September 5, 1940, plaintiff filed his "Controverting Affidavit" in answer to the plea of privilege of the defendant Reed. In substance, said controverting plea alleged that the suit was upon the note of Partin Drilling Company to plaintiff, for $1,313.02; that J. N. Partin was

a resident of Howard County and was a proper and necessary party to the suit. It was further alleged in substance, or effect, that J. N. Partin (Partin Drilling Company) had assigned to plaintiff $1,313.-02 to be due the former by D. C. Reed upon completion of a drilling contract; that D. C. Reed had accepted the assignment "as collateral security" to the note of J. N. Partin to the plaintiff in the sum of $1,-313.02; that Reed "refused and failed to carry out said assignment and still owes said sum of money to Partin Drilling Company and/or has paid said money to the Partin Drilling Company in violation of the assignment that the said defendant D. C. Reed agreed to keep and abide by. Reference is hereby made to the first amended original petition of plaintiff now on file in this cause for all purposes, and attached to this controverting plea is a substantial copy of plaintiff's first amended original petition, together with Exhibits 'A' and 'B' attached thereto, and said first amended original petition as well as all the allegations contained in the substantial copy of said instruments attached to this plea, is made a part of this controverting plea for all purposes. And plaintiff now alleges that there is an exception to Art. 1995, * * * in that, one of the necessary and proper defendants in this cause is a resident citizen of Howard County."

On October 15, 1940, before the pending issues of venue between plaintiff and defendant, D. C. Reed, had been determined, plaintiff filed his second amended original petition. In lieu of the allegations in previous pleadings to the effect that Partin Drilling Company was the trade name under which J. N. Partin operated, it was alleged that J. N. Partin and J. W. Strickland—the latter alleged to be a resident of Gregg County—were partners who operated under the trade name of Partin Drilling Company. All allegations in previous pleadings relating to J. N. Partin and Partin Drilling Company were substantially re-affirmed, as including also J. W. Strickland.

On December 2, 1940, J. W. Strickland filed his plea of privilege to be sued in Rusk County. On January 7, 1941, plaintiff filed his "Controverting Affidavit" in answer to J. W. Strickland's plea of privilege. In said controverting plea it was alleged that the suit was upon the note given by Partin Drilling Company, a partnership composed of J. N. Partin and J. W. Strickland; that the note was payable in Howard County; that J. N. Partin was, at the time of the filing of the suit, a resident of Howard County, and a proper and necessary party to the suit.

Upon hearing, the pleas of privilege (same having been continued from term to term without prejudice) were, on February 21, 1941, by separate orders overruled, from which each defendant has appealed.

One theory is sufficiently plain, namely, that the suit was against two or more defendants residing in different counties; and one of the defendants—J. N. Partin—was a resident of Howard County, wherein venue was sought to be sustained under exception 4 to the general rule of venue as prescribed in R.S.1925, Art. 1995, Vernon's Ann.Civ.St. art. 1995. In our opinion, there was no evidence to establish, or raise an issue concerning, the essential venue fact that J. N. Partin was at the time of filing the suit a resident of Howard County. If, therefore, the judgment overruling Reed's plea of privilege is to be sustained, it must be because of some exception other than exception 4.

The venue was proper as to Partin, even if he was not a resident of Howard County. As to that, no issues were joined. The suit against him was upon a note expressly naming Howard County as the place of performance of the obligation sought to be enforced.

■ Reed, however, was not a party to the note, and, therefore, was not shown to have contracted in writing to pay it in Howard County. Venue as to Reed could not, therefore, be sustained under exception 5, even if the pleadings should be construed as attempting to do so.

■ The only exception, other than exception 4, suggested by the pleadings, under which the venue might be sustainable as to Reed, was exception 29a. In order to sustain the venue as to Reed under that exception, it was necessary for plaintiff to plead and prove that Reed was a necessary party to the suit; and that venue of the suit, in Howard County, was proper as to one or more defendants, other than Reed, under one or more exceptions other than exception 29a. Exception 29a, while additional to all other exceptions to the general rule of venue as prescribed in Art. 1995, is, nevertheless, only operative in combination with some

other exception. Crawford v. Sanger, Tex. Civ.App., 160 S.W.2d 115. Therefore, when exception 29a is relied upon to sustain venue as against a proper plea of privilege, it is necessary for the plaintiff to allege and prove the venue facts comprising at least two exceptions to the general rule of venue (Exception 29a, and another). Since the venue facts of the exception with which exception 29a is combined must be pleaded, we may be sure, in this case, that the other exception is either 4 or 5. Taking exception 29a in connection with exception 4, the evidence was insufficient for the reason already stated, namely, that there was no evidence to show that Partin was at the time of the filing of the suit a resident of Howard County. Even if Reed was a necessary party to the cause of action asserted against Partin, venue as to Reed was not sustained under 29a because of the failure of the evidence to show that the suit in Howard County was properly maintainable as to Partin under exception 4.

■ It is next in order to inquire whether exception 29a was supported by the pleadings and evidence in combination with exception 5. As already seen, the venue of the suit in Howard County as to Partin, at least, was proper under exception 5. If Reed was a necessary party to the suit on the note as brought against Partin, then all venue facts were established essential to support the venue under exception 29a.

■ This question here suggests itself: How is the fact required to be pleaded, and how proved, that Reed was a necessary party to the suit? That fact, in our opinion, is one pertaining to the nature of the suit. Hurley v. Reynolds, Tex.Civ.App., 157 S.W.2d 1018, not yet reported in State Reports. Under exception 4 it has been held that the fact of whether a suit is against two or more defendants and/or is one in which the nonresident defendant, who asserts his privilege, is a proper party, pertains to the nature of the suit. Stockyards Nat. Bank v. Maples, 126 Tex. 633, 95 S.W.2d 1300, 1302. The same reasoning which supports that view supports the proposition that whether a defendant is a necessary party to a suit, rather than a mere proper party, would also be a fact pertaining to the nature of the suit. Hurley v. Reynolds, supra.

We regard the question as settled, that where an essential venue fact is the fact of the nature of the suit, the plaintiff's petition is "the best and all-sufficient evidence" thereof. Stockyards Nat. Bank v. Maples, supra. It, therefore, only remains to consider whether plaintiff's petition alleged a cause of action of such nature that Reed was a necessary party thereto. "Necessary parties" are "those persons without whose presence before the court no adjudication of any of the subject-matter involved in the litigation can be had." Townes Texas Pleadings, 2d Ed., p. 258. This definition, as applied to the term "necessary parties" employed in section 29a, has been approved by the Supreme Court. First Nat. Bank v. Pierce, 123 Tex. 186, 69 S.W.2d 756.

■ The only cause of action alleged against defendant Partin was one to recover the amount promised by him to be paid to plaintiff as per the provisions of the note. Certainly, we think that no valid contention can be made that Reed was a necessary party to the suit insofar as it sought to enforce such cause of action. It is immaterial what was the cause of action alleged against Reed, unless there was a cause of action alleged against Partin which in a suit to enforce same Reed was by the allegations a necessary party.

The material question in the present inquiry, therefore, is: Did the pleadings allege a cause of action against Partin to which Reed was a necessary party? In our opinion, the pleadings do not allege such a cause of action. That being the only proof available to show that Reed was a necessary party, the evidence, therefore, failed to establish or raise an issue of that essential venue fact.

■ We next come to consider the questions presented by the appeal of the defendant J. W. Strickland. The venue fact that the residence of defendant Partin was in Howard County at the time of the filing of the suit was just as essential under exception 4 to support venue as to Strickland as it was to support venue as to Reed under that exception. Therefore, venue as to Strickland, under exception 4, was not sustained because of the absence of evidence that Partin was a resident of Howard County. The time of the filing of the suit as to Strickland should, we think, be considered as the time of the filing of plaintiff's

Second Amended Original Petition, by which he was first made a party to the suit. He would lose none of his rights because of, or be prejudicially affected by, proceedings in the suit before he was made a party to the same.

In our opinion, venue as to Strickland under exception 5 was established. Under exception 5 the nature of the action is not a venue fact. That exception applies to any "suit upon or by reason of" any obligation. It is no doubt implied, of course, that the obligation is that of the defendant asserting his privilege. The venue fact, and the only one involved in exception 5, is the fact that the defendant asserting his privilege contracted in writing to perform the obligation (sought to be enforced by the suit) in the county where the suit is brought. Plaintiff's controverting plea to Strickland's plea of privilege alleges such fact. The question is: Did he support it with evidence sufficient to establish it, or raise an issue concluded against him by implication of the judgment overruling his plea of privilege?

Revised Statutes 1925, Art. 2007, before it was amended in 1939 by Acts of the 46th Legislature, p. 204, sec. 1, Vernon's Ann.Civ.St. Art. 2007, was given a construction which had the effect to render a written instrument, relied upon to show that an obligation was contracted to be performed in a particular county, incompetent as evidence of such contract in the absence of proof of its execution. Johnson v. Dallas Cooperage & Woodenware Co., 120 Tex. 27, 34 S.W.2d 845; Berry v. Pierce Pet. Corp., 120 Tex. 452, 39 S.W.2d 824; Ketner v. J. M. Radford Grocery Co., Tex.Civ.App., 299 S.W. 680, 681; Blackerby v. Seale, Tex.Civ.App., 81 S.W.2d 128. If it be assumed that said Art. 2007 was susceptible to such construction, it cannot reasonably be contended, we think, that a different construction was wholly unwarranted. The same question decided in the cases cited above was before the Commission of Appeals in Greenville Gas & Fuel Co. v. Commercial Finance Co., 117 Tex. 124, 298 S.W. 550, 552. In that case, the defendant, in addition to its plea of privilege, took the precaution to deny under oath the execution of the contract. The court said: "In the absence of an affidavit by the defendant, denying the execution of the indorsements [that is, the obligations sued on], the writings themselves would have supplied the required proof of this fact, by virtue of the provisions of article 3734 of the Revised Statutes." Said Art. 3734 is in effect repeated in Art. 2010, subparagraph 8. The construction of the statute which was adopted as per the decisions first above cited undoubtedly gave the statute the effect of repealing by implication any provision in R.S.1925, Art. 2010 (or 3734) which happened to constitute a venue fact in any case. The construction of Art. 2007 as per the opinion of Judge Harvey last cited, avoided that result and gave full effect to the rule that repeals by implication are not favored. It is upon this historical background that the legislative intention in enacting the 1939 amendment of Art. 2007 should be viewed. The language of the amendment, if considered alone, is not clear, but when considered in the light of the fact that Art. 2007 had been given a construction the effect of which was to repeal by implication to some extent or degree Art. 2010, it becomes clear that the purpose of the amendment was to leave both Arts. 2007 and 2010 as they formerly existed in full force and effect. Recalling the words of the amendment "provided that such plea shall not be construed to embrace any of the matters set forth in the Revised Civil Statutes, Article 2010", we are of the opinion that the proper construction of the amended article is that regardless of prior decisions the effect of Art. 2007 is to place the burden of pleading and proof of all venue facts in all cases upon the plaintiff but to leave in full force and effect Art. 2010. In other words, under this interpretation of the amended article, the manner or quantum of proof of a venue fact is not included in its subject matter.

If our conclusion upon this point is right, then Strickland not having denied under oath the execution of the note "by himself or by his authority" and not having denied under oath that Partin and Strickland were partners operating under the name of Partin Drilling Company as provided in Art. 2010, and plaintiff's controverting plea—certainly a pleading—having alleged such partnership, and execution of the note, the introduction of the note was evidence of those facts.

Further, we are inclined to the view that there was other evidence sufficient to raise the issues of partnership and the execution of the note as the act of the partners.

The case presented is not one in which recourse to exception 29a is necessary. The venue as to Strickland is sustained the same as the venue as to Partin, in that each defendant contracted in writing to perform the obligation sought to be enforced, by the suit, in Howard County.

It is, therefore, our conclusion that the order overruling the plea of privilege of D. C. Reed should be reversed and the cause remanded with instructions to transfer the case as to him to Travis County.

It is further our conclusion that the order of the court overruling the plea of privilege of the defendant Strickland should be affirmed, all of which is accordingly so ordered.