**SOUTHWESTERN PEANUT GROWERS ASS'N v. WOMACK et ux.**

No. 2439.

Court of Civil Appeals of Texas. Eastland.

Feb. 25, 1944.

Rehearing Denied April 7, 1944.

372

Turner & Seaberry, of Eastland, for appellant.

Stinson, Hair, Brooks & Duke, of Abilene, for appellees.

FUNDERBURK, Justice.

In this case the plaintiffs below were J. W. Womack and wife, Ella Womack. Plaintiffs' petition named as defendants Rufus Stokes and wife, Grace Stokes, residents of Jones County, Texas; the Fisher County Bonded Peanut Warehouse, and Southwestern Peanut Growers Association. There are no allegations to show whether "The Fisher County Bonded Peanut Warehouse" or "Southwestern Peanut Growers Association" is a trade name of an individual or firm, or the name of an unincorporated association, or a corporation. The allegations are perhaps sufficient to show that whatever they are, the place of resi-

dence of the former is Fisher County and of the latter Eastland County.

Plaintiffs' petition shows the purpose to allege a number of different causes of action—two or three or more asserted against Rufus Stokes and wife, and one or two against "Fisher County Bonded Peanut Warehouse" and "Southwestern Peanut Growers Association."

Southwestern Peanut Growers Association duly filed a plea of privilege which, being controverted and the issues of venue tried, judgment was rendered overruling the plea of privilege. Said defendant has appealed.

Appellant predicates its appeal on one point as follows: "In this suit for a debt and foreclosure of a mortgage lien against Stokes and for conversion against Appellant the court erred in overruling Appellant's plea of privilege on the ground that the notes executed by Stokes were payable in Taylor County."

If the point as stated is supported by the record, then, undoubtedly, we think it is good under the authority cited by appellant. Boydston v. Morris, 71 Tex. 697, 10 S.W. 331; Bank of Carbon v. Coxe Mercantile Co., Tex.Civ.App., 241 S.W. 602; Wool Growers' Central Storage Co. v. Edwards, Tex.Civ.App., 10 S. W.2d 577; Matthews v. Hedley Motor Co., Tex.Civ.App., 47 S.W.2d 661; Ft. Worth Well Machinery & Supply Co. v. Callihan, Tex.Civ.App., 62 S.W.2d 1005; Williams v. First Nat'l Bank of Midland, Tex.Civ. App., 115 S.W.2d 1209.

Appellees counter with a point as follows: "Plaintiffs' pleading and proof showing this is a suit on promissory notes payable at Abilene, Texas, executed by Defendants Rufus Stokes and Grace Stokes for a foreclosure of chattel mortgage lien, also landlord's lien securing payment of said debts and a foreclosure of mortgage and landlord's lien against *all of the defendants* under Art. 1995, subdivision 5 and subdivision 29a of Revised Statutes [Vernon's Ann.Civ.St. art. 1995, subds. 5, 29a], the trial court did not err in overruling appellants' plea of privilege." (Italics ours.) If this "Counter Point" is supported by the record, it is apparently sustained by decisions relied upon, notably Pioneer Building & Loan Ass'n v. Gray, 132 Tex. 509, 125 S.W.2d 284, and Ulmer v. Dunnigan Tool & Supply Co., Tex.Civ. App., 163 S.W.2d 901. It, therefore, results that, assuming the correctness, or

authoritativeness, of said last mentioned decisions, we are only called upon to determine which of the two opposing propositions does the record sustain?

Both propositions agree—the one impliedly and the other expressly—that the exceptions to the general rule of venue here involved are Exceptions 5 and 29a. We shall proceed upon the assumption that this agreed fact is true. According to appellant's point, the suit, insofar as it is a suit for the foreclosure of liens, is against Stokes and wife only. According to appellees' point, the suit, insofar as it is a suit for foreclosure of liens, is against all the defendants, including appellant.

An instrument not filed, apparently attached to the controverting plea, is denominated "Second Amended Original Petition." The transcript shows "Plaintiff's First Amended Original Petition" as the only petition filed. No point being made of it, we shall treat the instrument attached to the Controverting Plea as plaintiffs' petition.

It was not alleged that appellant had possession of any of the peanuts. It was not alleged that appellant was asserting any present claim to them. No facts were alleged from which it would appear that it was necessary to have a decree of foreclosure against appellant in order to render effective a foreclosure decree if any against Stokes and wife or Fisher County Bonded Peanut Warehouse. A cause of action was alleged against appellant for conversion of the peanuts. Part of the prayer for relief was "for judgment against the Defendants Fisher County Bonded Peanut Warehouse and the Southwestern Peanut Growers Association, Gorman, Texas, jointly and severally, for the value of the peanuts so converted by them, and each of them, from the Defendant, Rufus Stokes * * *." The only thing in any of the pleadings indicating an intention to assert a cause of action against appellant for the foreclosure of liens is that part of the prayer for relief praying "for foreclosure of the mortgage, as well as landlord's lien against all of said defendants * * *." This is not an alternative prayer, but merely follows, as an addition thereto, the part of the prayer, above set out, appropriate to an action for conversion.

■ Foreclosure simply means a proceeding in court, or out of court, when provided for by a valid contract, to subject the property (or part thereof) covered by a lien to the payment of the debt secured by the lien. It has the effect of extinguishing all right, title or interest, if any, of the defendants in the property. If, therefore, *all* of the property subject to the lien has been converted by third parties (as in this case alleged), it would seem to require no citation of authority to support the proposition that Plaintiffs cannot have both a foreclosure of the lien and an award of damages (measured, as the law would direct, by the value of the property) for conversion of the property. They cannot, by foreclosure, extinguish the title or interest of the alleged conversioner in the property and appropriate the property in payment of the debt and also at the same time have an award of damages equal to the value of the property. An award of damages for conversion impliedly confirms title in the conversioner. The two remedies, co-existing as they do when and if the alleged conversioner still has possession of the property, are inconsistent. If both be asserted, one must be alternative to the other and the judgment must be rendered upon one or the other, but not both. Our conclusion is, therefore, that the mere prayer for a foreclosure, absent the allegation of fact or facts to show the existence of a cause of action for foreclosure against appellant, but, on the contrary, excluding the availability of such cause of action, if any, by the positive assertion of the inconsistent cause of action for damages for conversion, does not show that appellant is really a defendant, insofar as the suit is one for foreclosure.

If we are right in this view, then it follows that in our opinion the record supports the point urged by appellant, rather than the one urged by appellees, and determines the judgment to be rendered.

■ If we are wrong in the conclusion that the clause in the prayer for relief, not applicable to any of the facts alleged in the petition, should be disregarded, and that when so disregarded, the plaintiff's pleading shows that the suit in reality is not one for the foreclosure of liens, then the question next arises, what is the evidence that appellant is a necessary party to the suit for foreclosure as brought against the other defendants, the venue as to whom, because of the joined action for debt, is maintainable in Taylor County? This court has taken the position sup-

ported, we think, by decisions of the Supreme Court, particularly Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, 1302, that the "best and all-sufficient evidence" of whether a named defendant is a necessary party under Exception 29a is the plaintiff's petition. Reed v. Walker, Tex.Civ.App., 158 S.W.2d 894, 898; Crawford v. Sanger, Tex.Civ.App., 160 S.W.2d 115, 119; Moreland v. Hawley Independent School District, Tex.Civ. App., 163 S.W.2d 892; Ulmer v. Dunnigan Tool & Supply Co., supra. This view finds additional support in the Gray case, wherein the court, commenting approvingly upon Commonwealth Bank & Trust Co. v. Heid Bros., 122 Tex. 56, 52 S.W.2d 74, said [132 Tex. 509, 125 S.W.2d 286]: "It was further held that, looking to the nature of the case *as disclosed by the petition,* the nonresident defendant who filed his plea of privilege was a necessary party within the meaning of exception 29a." (Italics ours.)

If the fact of whether or not appellant was a necessary party to the suit is a fact to be determined alone from the allegations of plaintiff's petition, the natural inquiry suggested is: Do said allegations show that appellant is a necessary party? Surely it cannot be reasonably contended that the mere naming of appellant as defendant, regardless of its relation to the subject matter of a foreclosure suit, would make it a *necessary* party. In our opinion, the allegations of plaintiff's petition do not show that appellant is a necessary party. As said before, in another connection, it was not alleged that appellant had possession of any of the peanuts. It was not alleged that at the time of filing suit appellant was asserting any claim to the peanuts. The nature of plaintiff's right and the reason supporting such right as declared in the Gray case is "the enforcement of his [Plaintiff's] full cause of action * * * he is entitled to join every party in the suit whose presence therein is *necessary* to the securing of that same effective relief." (Italics ours.) Gray, in the opinion of the court, was such party. But Gray was alleged to have *possession* of the property.

Let us suppose, as may well be true, at least so far as the pleadings disclose, that appellant did not have possession of any of the property and was asserting no claim thereto. On the other hand, suppose that one or both of the other defendants had possession of all the property, or that none of the defendants had possession of any of it, or that the property, being of a perishable nature, was not then even in existence. Absent the allegation of any of such facts, can it be said that nevertheless plaintiff's petition shows that appellant is a necessary party? It is our conclusion that appellant was not shown to be a necessary party to the suit.

Now, let us take another and independent view of the case. Let us suppose that plaintiff's petition had alleged that appellant had possession of the property, or that one of the other defendants had possession and appellant was asserting some interest in, or claim to, it. In other words, suppose, under the doctrine of the Gray case, plaintiff's petition by its allegations showed appellant to be a necessary party to the suit as a foreclosure suit. What about venue of the action against appellant for conversion? Was venue of that action fixed in Taylor County by reason of Exceptions 5 and 29a? We think not. Exception 29a operated to authorize venue and joinder only as to the cause of action for foreclosure with the action for debt. No reasonable contention could be made, we think, that as defendant to the action for conversion appellant was a necessary party to the suit as brought in Taylor County. But while the venue as to the action for conversion would not be authorized by Exception 29a, it may be that it would be authorized under the decision in Middlebrook v. David Bradley Manufacturing Co., 86 Tex. 706, 26 S.W. 935. In cases to which that decision applies it is immaterial whether a defendant be a necessary party or only a proper party. The theory of the Middlebrook case, as applied to this case, is that if appellant must stand trial at all events in Taylor County upon the cause of action for foreclosure of the lien, then there may be joined with it any other cause of action against appellant which the rules of joinder permits. The result would be to deprive appellant of its right to be sued in the county of its residence, upon the action for conversion, not by reason of any facts constituting an exception to the general rule of venue, but solely because of the allegations of plaintiff's petition, showing a necessity for foreclosure, such allegations not required to be proved, and which, therefore, may have been made with no intention of proving same. In other words, plaintiffs may proceed against appellant to litigate a cause of action, in

the foreign jurisdiction, without offering any evidence to show that any effective remedy of foreclosure was available. This would put it in the power of a plaintiff to litigate against a defendant a cause of action in a foreign jurisdiction, within no exception to the general rule of venue "by the simple allegations of his adversary, never perhaps intended to be proved." Oakland Motor Car Co. v. Jones, Tex.Civ. App., 29 S.W.2d 861, 865. In the cited case we pointed out that the evident reason supporting the rule, under Exception 4 that a cause of action against the resident defendant must be proved (as well as alleged) was to prevent such a consequence. Such a consequence is not prevented if the allegation of a non-existent cause of action may still be used under other exceptions to determine the venue, unless, as in Exception 4, plaintiff be required to show his good faith by proving the cause of action which fixes the venue. So far as we can see the same reasons requiring such proof exist as to other exceptions the same as Exception 4, when more than one cause of action is alleged against the non-resident defendant and the venue of one depends upon the venue of the other under some particular exception. There being no alternative pleadings in this case, the assertion of a cause of action for foreclosure against appellant is nullified by the averments of the inconsistent cause of action for conversion. Hence, there is no sufficient pleading of a cause of action for foreclosure, and at any rate no pleading of such a cause of action showing appellant to be a necessary party. Then, passing by the matter of pleading, there was no proof of such cause of action. According to the evidence, there were no peanuts in the possession of any of the defendants, and it is fairly inferable that it was unknown to any of the parties whether the peanuts were still in existence. Hence, even if a cause of action had been alleged showing the necessity of appellant's presence as a defendant to the foreclosure, there was no proof thereof, and while none would have been necessary, had the action for foreclosure been the only one asserted against appellant, it was necessary, we think, to both plead and prove the cause of action for foreclosure in order to fix the venue of the suit as to the action against Appellant for conversion. Sims v. Callihan, Tex.Civ.App., 39 S.W.2d 153.

It is, therefore, our conclusion upon the whole that the judgment of the court below should be reversed and the cause remanded, with directions to the trial court to transfer said cause to the District Court in Eastland County, unless a severance is claimed, in which event the cause or causes of action asserted against appellant shall be so transferred.

### On Rehearing.

Appellees in their motion for rehearing argue with such evident earnestness and sincerity that we have erred in our original opinion, that, while not convinced that such is the case, we do feel impelled to state our views with reference to the contention regarding Rules 40 and 48, Texas Rules of Civil Procedure.

In the original opinion we made no direct reference to this contention because we felt so certain that these rules had no bearing upon the question to be decided. Appellees' reiterated contention that they do prompts us to this further expression of our views. In our opinion, neither of said rules have any application. Long before the adoption of said rules it was determined, in effect, that the right of a plaintiff to join parties and/or causes of action in one suit was not, in itself alone, conclusive against the right of a defendant to be sued in the county of his residence. The authority for this statement is the two cases of Cobb v. Barber, 92 Tex. 309, 47 S.W. 963, and Behrens Drug Co. v. Hamilton, 92 Tex. 284, 48 S.W. 5, decided just one week apart. Under Cobb v. Barber, supra, all proper parties to all properly joined causes of action could be made defendants in one suit and the venue thereof sustained in the county where any defendant resided. Under Behrens Drug Co. v. Hamilton, supra, even though all parties to a suit were proper parties and all causes of action therein were properly joined, the venue of such suit could not, as against a defendant claiming his privilege, be sustained in a county where none of the defendants resided, unless as to such defendant (without reference to any other defendant) some exception to the general rule of venue was applicable. Such is the law today, without reference to any changes in rules respecting the joinder of parties or causes of action, except as such law has been modified by the subsequently enacted Exception 29a. Said Rules 40 and 48 have

no reference to any question of venue. Any intention by the rules extending the right of joinder of parties or causes of action to thereby extend the venue of actions is expressly negatived by Rule 816, declaring that the rules shall not be construed to extend or limit the venue of actions in the courts of the State of Texas.

As to other features of the case we doubt that anything of value can be added to what was said in the original opinion.

It is, therefore, our opinion that the motion for rehearing should be overruled, which is so ordered.