## COMMERCIAL CREDIT CORPORATION
### v. HARRIS.
### No. 15088.

Court of Civil Appeals of Texas.
Fort Worth.
Dec. 2, 1949.

D. A. Webb, of Fort Worth, for appellant.

Seaberry & Hagman, and Ben J. Hagman, all of Weatherford, for appellee.

McDONALD, Chief Justice.

The claim presented by the pleadings of appellee Harris, who was plaintiff in the trial court, is to the effect that he purchased an automobile from one William Ray; that an agent of appellant Commercial Credit Corporation later came to appellee in Palo Pinto County, Texas, and told him that another corporation by the name of Commercial Credit Corporation, incorporated under the laws of Maryland and doing business in Alabama, had a valid lien on the car; that appellee and said agent of appellant agreed that the automobile should be stored in Weatherford, in Parker County, until it should be determined who was entitled to possession of it; that the automobile was stored in Weatherford but later was taken by appellant, without appellee's consent to the State of Alabama.

This appeal is from an order of the trial court overruling the plea of privilege of appellant to remove the suit from Parker County, where it was filed, to Dallas County, the domicile of appellant.

The only contention which need be noted is appellant's argument that there was no evidence of a crime or trespass committed by appellant in Parker County. We find no proof of any facts which would support venue in Parker County other than those relating to the charge that appellant was guilty of a conversion of the automobile in said county when it took the car away from the storage garage where it had been placed by agreement of appellee and appellant's agent.

There is some discussion in appellant's brief concerning the legality of appellee's title to the car, but the proof of appellee's title is sufficient to support the trial court's order as against the evidence contained in the record before us. Although appellee testified that appellant's agent told him that the corporation doing business in Alabama had a lien on the car, there is no competent proof of such lien in the record, and we must assume, the case having been tried to the court without a jury, that the court did not base his judgment on hearsay testimony, if, indeed, the hearsay testimony was sufficient to show that the corporation doing business in Alabama had a right to take possession of the automobile, under its lien contract, without filing suit to enforce the lien. Appellant offered a conditional sales contract in evidence which may or may not have shown such a lien, but the trial court refused to admit it in evidence; the contract is not shown in the record by a bill of exceptions or otherwise, and appellant does not in its brief complain of the exclusion of the contract from evidence. Appellee introduced in evidence a certificate of title issued to him by the proper officials of this State, and as against the appellant, who failed to prove any character of title to or lien against the car, appellee made sufficient prima facie proof of title. McKinney v. Croan, 144 Tex. 9, 188 S.W.2d 144; Manning v. Miller, Tex.Civ. App., 206 S.W.2d 165. In the latter case it was said that Manning, one of the parties, was at the time of trial the holder of a certificate of title issued to him by the State Highway Department, and that no other party to the suit had shown a better title to the automobile. Such is the situation we have before us. Also, appellee was rightfully in possession of the car as between him and Ray, the person from whom he purchased the car, and, as against one who wrongfully took it from him, appellee was entitled to maintain suit for its recovery, under the holding in McKinney v. Croan, supra.

Appellant suggested in oral argument that in order for venue to be maintained in Parker County under Section 9 of Article 1995, R.C.S., Vernon's Ann.Civ. St. art. 1995, subd. 9, the alleged trespass, to wit, the taking of the car from the place of storage, must have constituted a violation of the criminal laws of the State. It is clear from the holdings in a great many cases that it is a civil trespass, not necessarily a criminal one, that is contemplated by the statute.

Appellant says that the violation of appellant's agreement to leave the car in storage did not constitute a trespass. It was not the violation of the agreement that constituted the trespass, it was the act of wrongfully taking the car from the storage. The general rule is correctly stated in 42 Tex.Jur., p. 546, that a conversion of personal property is a trespass within the meaning of Section 9, Article 1995. See the cases there cited.

The judgment of the trial court is affirmed.