UNITED STATES STEEL CORPORATION,
Appellant,

v.

STRONG DRILLING COMPANY, Appellee.

No. 3114.

Court of Civil Appeals of Texas.

Eastland.

Nov. 5, 1954.

Frank S. Roberts, Breckenridge, D. O. Belew, Fort Worth, John C. Irwin, Dallas, for appellant.

Bezoni & Saxe, Len G. McCormick, Midland, for appellee.

GRISSOM, Chief Justice.

Dunigan Tool & Supply Company, a corporation, sued Strong Drilling Company, a corporation, in Stephens County, for a debt owed Dunigan for repairing a pump for

Strong. Strong's plea of privilege was overruled because it had promised in writing to pay Dunigan in Stephens County. After Strong's plea was overruled it impleaded United States Steel Corporation, suing the steel company for damages for negligence in repairing Strong's pump in Ector County. Strong filed a cross action against Dunigan seeking damages caused by Dunigan's negligence in repairing Strong's pump. The steel company's plea of privilege was overruled and it appealed.

In its controverting plea, Strong alleged the Steel Company was a necessary party under Texas Rule of Civil Procedure 38 because "complete and substantial justice" could not be had without making it a defendant; that the trial court had held that Dunigan's suit against Strong was based on a contract in writing wherein Strong agreed to pay in Stephens County and venue was, therefore, in Stephens County as to Dunigan's suit against Strong. Strong then alleged that the steel company's plea should be denied because said court had jurisdiction of all parties and venue was fixed against Strong in Stephens County; that the steel company's plea should be denied under exception 29a, Article 1995, Vernon's Ann.Civ.St., because the suit is maintainable in Stephens County "as to Strong" under Article 1995, and under exception 29a the suit is maintainable there against all necessary parties; that the steel corporation was a necessary party; that Section (f), R.C.P. 97, fixes venue in Stephens County against the steel company because it is a necessary party if complete relief is to be granted Strong. Strong further alleged venue was in Stephens County under exceptions 23 and 27, Article 1995, because said court had already determined, by overruling Strong's plea of privilege, that Dunigan's cause of action against Strong arose in Stephens County and was payable there and the steel company's plea should be overruled to avoid a multiplicity of suits; that the matters alleged in Strong's suit grew out of the same transaction and Dunigan has been made an "alternative" defendant; that a cross action has been filed by Strong against Dunigan

"in the event United States Steel Corporation be held not liable to—Strong—*Dunigan*—is entitled to have this entire cause adjudicated in—Stephens County—and complete justice and protection cannot be afforded—*Dunigan*—if the plea of privilege of United States Steel Corporation should be sustained." (Italics ours). Strong then alleged the steel company was doing business in Stephens County and had a representative there but there was no proof thereof.

The evidence shows that Strong's suit against the Steel Company is for damages caused by negligence in repairing Strong's pump in Ector County and, in the alternative, against Dunigan. Strong's contention is that Dunigan and the steel company repaired said pump on different occasions and either one or the other was negligent in making repairs.

The steel company made no written contract and, therefore, exception 5 is not applicable. There is no evidence that the steel company had an office in Stephens County, or that Strong's cause of action, or any part thereof, arose there, or that Strong ever resided in Stephens County. The evidence is to the contrary. There is no proof of the venue facts required by any exceptions to Article 1995 to sustain venue in Stephens County of Strong's suit against the steel company for damages for negligence in repairing its pump.

Strong's counter point is "where appellee was sued on a written contract payable in Stephens County—and appellant is brought in under Sections (f) and (g) of Rule 97, Texas Rules of Civil Procedure, and the District Court of Stephens County —has jurisdiction over the parties, venue will lie in Stephens County as to the appellant." In considering this point, it should be remembered that the suit in which Strong's plea of privilege was overruled was Dunigan's suit against Strong for a debt which Strong had promised in writing to pay in Stephens County. The Rules of Civil Procedure were not intended to and do not control venue. R.C.P. 38(d); R.C. P. 816; Steele Advertising Agency, Inc.,

v. Walton, Tex.Civ.App., 233 S.W.2d 867; Southwestern Peanut Growers Ass'n v. Womack, Tex.Civ.App., 179 S.W.2d 371, 375. Exception 29a does not control venue unless some other exception to Article 1995 is also applicable. Strong's right to file a cross action against Dunigan in Stephens County is not based on any exception to Article 1995. With certain statutory exceptions, an example of which is shown in Bachus v. Foster, Tex.Com.App., 122 S.W.2d 1058, a defendant has a right to be sued in the county of his residence unless some exception to Article 1995 deprives him of that right.

 Strong is simply contending that it has a right to maintain venue in Stephens County of a suit for damages against United States Steel for negligence in repairing Strong's pump in Ector County because it has a right to file a cross action against Dunigan on an alternative claim that either the Steel Company or Dunigan negligently repaired Strong's pump. Strong did not allege or prove that any joint or concerted action of United States Steel and Dunigan caused his damages. Both pleadings and proof show that the steel company is a New Jersey corporation with a permit to do business in Texas. It was neither alleged nor proved that either of the defendants in Strong's suit resided in Stephens County. Strong did not prove any cause of action against Dunigan. Therefore, venue in Stephens County could not be maintained under exception 4. Stockyards Nat. Bank v. Maples, Tex.Com. App., 127 Tex. 633, 95 S.W.2d 1300. Venue of Strong's suit against the steel company could not be maintained under exception 5 by proof that Strong agreed in writing to pay Dunigan in Stephens County. Reed v. Walker, Tex.Civ.App., 158 S.W.2d 894, 897; Southwestern Peanut Growers Ass'n v. Womack, Tex.Civ.App., 179 S.W.2d 371; Burtis v. Butler Bros., 148 Tex. 543, 226 S.W.2d 825.

The steel corporation is not a necessary party to the suit brought by Strong against Dunigan. Strong's suit against the steel corporation is an independent cause of action asserted in the alternative against Dunigan. It is distinct and severable from Dunigan's suit against Strong and Strong's cross action against Dunigan. Venue of Strong's suit against the steel corporation must be tested on the merits of that suit without regard to the venue of Dunigan's suit against Strong. The fact that it would be more convenient to try all these cases in one suit and that such would prevent a multiplicity of suits does not control the fact that if Strong is to maintain its suit against the steel corporation in Stephens County it must establish a right to do so under some exception to Article 1995. Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774, 776. All the relief to which Strong could be entitled *against Dunigan* could be obtained without joining the steel corporation. Tarrant v. Walker, 140 Tex. 249, 166 S.W.2d 900, 902; Harris v. Foster, Tex.Civ.App., 261 S.W.2d 860, 862. The steel corporation, therefore, is not a necessary party.

The judgment is reversed and appellant's plea of privilege ordered sustained.