NAYLOR AUTOMOTIVE SERVICE,
Appellant,

v.

FIRST NATIONAL BANK OF MEXIA,
Appellee.

No. 3325.

Court of Civil Appeals of Texas.

Waco.

Dec. 1, 1955.

Rehearing Denied Dec. 22, 1955.

W. S. Leslie, San Angelo, for appellant.

Owen F. Watkins, Mexia, for appellee.

HALE, Justice.

This appeal grew out of a venue proceeding. Appellee sued appellant in Limestone County for damages on account of the alleged conversion of an automobile in Tom Green County. Appellant, a resident of the latter county, timely filed its plea of privilege to be sued in the county of its residence. Appellee duly filed its controverting affidavit, alleging that venue for the trial of its case on the merits was properly laid in Limestone County under the provisions of Sub. 5 of Art. 1995, Vernon's Tex.Civ.Stats. A hearing before the court below without a jury resulted in an order overruling the plea of privilege. Appellant says the court erred in overruling the plea because all the pleadings and evidence affirmatively showed venue to lie in Tom Green County. We must sustain this contention.

Appellee attached a copy of its petition to its controverting affidavit. In the petition and also in the controverting affidavit appellee specifically alleged that appellant converted the automobile in Tom Green County. The undisputed evidence adduced upon the hearing showed that the conversion, if any, occurred in that county. Hence, venue for the recovery of damages on account of loss resulting from the alleged conversion was in Tom Green County and not elsewhere. 42 T.J., p. 546, Sec.

35; Hooper v. Halsell, Tex.Civ.App., 143 S.W.2d 228; Adams v. Whatley, Tex.Civ. App., 213 S.W.2d 885; Commercial Credit Corp. v. Harris, Tex.Civ.App., 225 S.W. 2d 247; Parchman v. Parchman, Tex.Civ. App., 239 S.W.2d 902.

 Appellee alleged and proved that on April 20, 1954, one Herbert E. Pate executed and delivered to it his promissory note in the sum of $708, payable in Limestone County, together with a chattel mortgage covering the automobile in controversy as security for the payment of the note, and that default had been made in the payment of the note. Appellee also alleged and introduced testimony tending to show that Pate thereafter delivered the possession of the automobile to appellant and that appellant, with notice of appellee's note and chattel mortgage lien, later sold the automobile or parts of the same to a wrecking company in Tom Green County, thereby interfering with appellee's right to foreclose its mortgage on the automobile to its damage in the unpaid balance of the note which Pate owed to appellee. Therefore, it says venue to try its suit against appellant was and is properly in Limestone County under Sub. 5, Art. 1995 of Vernon's Tex.Civ.Stats. We cannot agree with this contention. The suit against appellant is an action ex delicto and not an action ex contractu. Appellant did not contract in writing to perform any obligation in Limestone County and Pate was not made a party to this suit. But if a suit against Pate on the note had been joined with appellee's suit against appellant for damages on account of the alleged conversion, that procedure would not have defeated appellant's right to be sued as a tort-feasor in Tom Green County. Behrens Drug Co. v. Hamilton, 92 Tex. 284, 48 S.W. 5; Wool Growers Central Storage Co. v. Edwards, Tex.Civ.App., 10 S.W.2d 577; Matthews v. Hedley Motor Co., Tex.Civ.App., 47 S.W.2d 661; Williams v. First Nat. Bank, Tex.Civ.App., 115 S.W.2d 1209 (er. dis.); Reed v. Walker, Tex.Civ.App., 158 S.W.2d 894; Southwestern Peanut Growers v. Womack, Tex.Civ.App., 179 S.W.2d 371.

Because we have concluded that the trial court erred in overruling the plea of privilege, the order appealed from is reversed and judgment is here rendered sustaining the plea and transferring the cause to Tom Green County for a trial on its merits.